IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL WINDHAM,

        Plaintiff,                      No. CIV S- 05-0954 GEB GGH P

   vs.

CA. DEPT. OF CORRECTIONS, et al.,

        Defendants.             ORDER

_____/

          Plaintiff, a state prisoner proceeding with appointed counsel, seeks relief pursuant to 42 U.S.C. § 1983. On July 24, 2008, defendants' motion to seal a confidential investigative memorandum, designated defendants' Exhibit B to the Statement of Undisputed Facts in support of defendants' June 23, 2006, motion for summary judgment; and plaintiff's motion to reopen discovery came on for hearing. Carter White, Supervising Attorney of the King Hall Civil Rights Clinic appeared for plaintiff, and Deputy Attorney General Kelli Hammond represented defendants.

          At the hearing, the court directed defendants' counsel, who had no objection, to provide a redacted version of the confidential investigative memorandum to plaintiff's counsel which redacted version may be provided to the prisoner plaintiff. The court will direct that defendants' file the redacted version in the public case docket as part of the record in this case.

In light of the individuals identified within the memorandum as informants, for the safety of the inmates and security of the institutions where they are housed, the court granted the motion to seal the unredacted version and this unredacted version of defendants' Exhibit B is to be provided to plaintiff's counsel for counsel's "eyes only," subject to the accompanying protective order and will be filed in the case docket under seal.

Plaintiff's counsel specified that the motion to reopen discovery was brought in order to have production of, and access to, plaintiff's medical records and to take depositions of four individuals, identified in the moving papers as Dr. Zhu, Sgt. Wilkerson, Officer Moore and Officer Evans. In light of the age of this action, the court will grant only a limited period for additional discovery. Plaintiff was directed to engage a copying service to copy the medical records with all deliberate speed and defendants were directed to ascertain that plaintiff's counsel's copying service will be permitted access to plaintiff's entire medical record. The court will modify the 7/15/08 Order to permit additional time for the completion of the specific discovery sought by plaintiff and to file an opposition to the pending dispositive motion.

Accordingly, IT IS ORDERED that:

1. Defendants' motion to redact and to seal the unredacted version of the document identified as defendant's Exhibit B in support of their 6/23/08 motion for summary judgment, originally filed on 6/23/08 (#96) and properly supported and noticed for hearing on 6/30/08 (#101), is granted and the unredacted memorandum, lodged on 6/24/08, will be placed under seal in the court's docket; the unredacted version is to be provided <u>only</u> to plaintiff's counsel, pursuant to the concurrently filed protective order;

2. Defendants are to file the redacted version of the confidential memorandum, designated Exhibit B in support of their 6/23/08 motion for summary judgment (MSJ), within ten (10) days;

3. Plaintiff's 7/03/08 (# 104) motion to reopen discovery is granted for the limited purpose of obtaining copies of plaintiff's entire medical file and for the taking of the

1 depositions referenced above; and

2     4. Plaintiff is granted 45 days from the date of this order to complete the discovery sought; thereafter, plaintiff will have 30 days to file an opposition to the pending motion for summary judgment, at which point plaintiff must coordinate with defendants to set the dispositive motion for hearing.

DATED: 7/28/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wind0954.ord