IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL WINDHAM, JR.,

        Plaintiff,                       No. CIV S-05-0954 GEB GGH P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants' motion for summary judgment was granted and this case was dismissed on February 26, 2009. Plaintiff filed a notice of appeal on March 25, 2009. Plaintiff now seeks a copy of the transcripts of the December 11, 2008, summary judgment hearing.[1]

        A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991). Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. §

---

[1] Plaintiff was represented by assigned counsel at that hearing, but later plaintiff requested that counsel be terminated.

1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir.1984). Plaintiff has failed to set forth any arguments why a transcript is needed. Thus, based on plaintiff's notice of appeal and transcript request, the court finds that the appeal does not present a substantial question and the request for a transcript at government expense is denied. In addition, plaintiff is notified that the appellate court has access to the court's file in this case, and will request any necessary documents that are in the record directly from this court.

IT IS HEREBY ORDERED that plaintiff's request is denied.

DATED: July 21, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:ab
wind0954.transc